IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERIE HYMES-ODORIZZI,

    Plaintiff,
    Counter-Defendant,

vs.                                                                CIVIL NO. 00-940 RLP/LFG

REASSURE AMERICA LIFE INSURANCE
COMPANY,

    Defendant,
    Counter-Claimant

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on three motions. Plaintiff filed a Motion for Summary Judgment on the Issue of Non-Applicability of ERISA **(Docket No. 21)** and a Motion to Amend Complaint **(Docket No. 47)**. Defendant filed a Cross-Motion for Summary Judgment **(Docket No. 30)**. The court has considered these motions and the memoranda in support of and in opposition to the motions and finds the Motion for Summary Judgment on the Issue of Non-Applicability of ERISA and the Motion to Amend Complaint are not well taken and will be **denied.** Defendant's Cross-Motion for Summary Judgment is well taken and will be **granted.**

Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment argue the same legal issue: whether the disability insurance policy numbered 8113094 ("the policy") at issue in this case is part of an employee benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), thereby preempting Plaintiff's pre-plan state law claims.

## STATEMENT OF FACTS

Plaintiff was the Chief Executive Officer of the Association of Retarded Citizens of Albuquerque, Inc. ("employer") during the period of time the policy was in effect. Plaintiff made the decision to purchase the policy for herself. The premiums were paid by the employer. Plaintiff was the only employee covered by the policy. The employer paid the premiums from February 2, 1988 until Plaintiff resigned from her employment on May 22, 1996. Thereafter, the policy lapsed on February 8, 1997.

Following Plaintiff's resignation, her employer filed suit against her in state district court for breach of fiduciary duty, conversion, fraud and offset ("state lawsuit"). There were a number of claims made in the state lawsuit, including a claim that Plaintiff improperly secured funds from her employer to pay for the policy. The state lawsuit was settled, including the claim that Plaintiff improperly caused her employer to pay the policy premiums. Pursuant to the settlement, Plaintiff was required to reimburse her employer for the premiums paid on her behalf.

During Plaintiff's employment, her employer had an employee benefit plan for full-time employees. Among the benefits provided pursuant to this plan was medical and long-term disability insurance through UNUM Life Insurance Company. These benefits were automatically provided to Plaintiff as a full-time employee. The employer completely administered these policies. These policies were separate from the policy purchased specifically for Plaintiff at her direction.

## DISCUSSION

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). An employee welfare benefit plan is any plan, fund or program "established or maintained by an employer. . .for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise. . .benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). The test for determining whether a plan is covered by ERISA is whether the benefit package implicates an ongoing administrative scheme. *Delaye v. Agripac, Inc.,* 39 F.3d 235, 237 (9th Cir. 1994), cert. denied, 514 U.S. 1037 (1995).

The parties do not contest the fact that the employer maintained an "employee welfare benefit plan." Clearly, the employer maintained an administrative scheme to provide many types of insurance benefits for its employees. However, the dispute is whether the policy at issue was part of this administrative scheme, in light of the fact that the policy was later determined not to be an authorized policy and was a reason why Plaintiff resigned from her employment.

The Tenth Circuit Court of Appeals considers the following five elements to determine if a policy is part of an "employee welfare benefit plan" referred to in 29 U.S.C. § 1002(1): (1) a plan, fund or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing disability benefits, (5) to participants or their beneficiaries. *Gaylor v. John Hancock Mutual Life Ins.*

*Co.,* 112 F.3d 460, 464 (10th Cir. 1997). Further, the Tenth Circuit determined that a plan, fund or program exists if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." Id. (internal quotation marks omitted). Using this standard and the five factor analysis there can be no question that the policy constitutes an employee welfare benefit plan covered by ERISA.

The policy is a disability policy purchased and maintained by Plaintiff's employer at the employer's expense for almost nine years. During the nine year period, Plaintiff authorized the expenditure to pay the policy premium. Plaintiff as the CEO of her employer had the actual authority to purchase the policy  The policy was at all relevant times in full force and affect. The employer administered the payment of the premium and other matters associated with the policy.

The employer's after-the-fact characterization of the premium payments cannot change reality. The employer paid the premium and administered the policy at the express direction of Plaintiff. The policy was clearly in effect. The relevant timeframe for focus is at the time the plan is "established or maintained" and not well after either event. See *Reber v. Provident Life and Acc. Ins. Co.,* 93 F.Supp.2d 995, 1007 (S.D. Ind. 2000).

## ERISA PREEMPTION

Pursuant to 29 U.S.C. § 1144(a), ERISA preempts and supercedes any and all state laws insofar as they may now or hereafter "relate to an employee benefit plan." ERISA's preemption provision is "conspicuous for its breadth." *FMC Corp. v. Holliday,* 498 U.S. 52,

58 (1990). Its "deliberately expansive" language was "designed to establish pension plan regulation as exclusively a federal concern." *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 138 (1990). The preemption includes state common law causes of action. *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1502 (9th Cir. 1985). State common law causes of action that are preempted include claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud, and intentional infliction of emotional distress. Id. at 1504.

Although Plaintiff's state law claims are preempted by federal law for claims following the purchase of a disability policy, pre-plan causes of action are not. See *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 991-92 (10th Cir. 1999).

## MOTION TO AMEND

Plaintiff requests permission to add a new defendant and cause of action to her lawsuit pursuant to Fed.R.Civ.P. 15(a). Whether to grant or deny leave to amend is in the sound discretion of the court. See *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F.2d 1127, 1132 (10th Cir. 1987). The United States Supreme Court in the context of a motion to amend a complaint has delineated the analysis a district court should apply to Rule 15(a) requests:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of an allowance of the amendment, futility of amendment, etc. - the leave sought should as the rules

require, be freely given.

*Foman v. Davis,* 371 U.S. 178, 182 (1962). The existence of any one of the factors listed by the *Foman* court is sufficient to deny a party's request for leave to amend pleadings.

Plaintiff's motion requests permission to add a cause of action for fraudulent inducement against a new defendant. Amending the complaint to add such a claim against the new defendant would be futile. In New Mexico a policyholder has a duty to read the insurance policy. *Thompson v. Occidental Life Ins. Co.,* 90 N.M. 620 (Ct. App. 1977). Once a policy is issued, the policy holder is estopped from denying the terms of the policy unless there is an allegation the policyholder was induced not to read the policy. Id. at 622. The policy was in effect for nine years without objection. Given this great expanse of time, Plaintiff is estopped from alleging a misrepresentation was made about the benefits the policy would provide at the time of disability. Therefore, Plaintiff's Motion to Amend Complaint is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment is denied.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint is denied.

**IT IS SO ORDERED.**

                                                           RICHARD L. PUGLISI
                                      United States Magistrate Judge
                                            Sitting by designation

Stephen F. Lawless, Esquire - Attorney for Plaintiff
Mark T. Davenport, Esquire - Attorney for Defendant Reassure America Life Insurance Co.
Tila F. Hoffman, Esquire - Attorney Defendant  Reassure America Life Insurance Co.