IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHERIE HYMES-ODORIZZI

    Plaintiff,

v.                                             Civ. No. 00-0940 RLP/LFG

REASSURE AMERICA LIFE
INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff's Motion for Reconsideration or, in the Alternative, to Amend Complaint ("Plaintiff's Motion"). Plaintiff seeks reconsideration of the Memorandum Opinion and Order [Doc. 54], entered February 13, 2001, in which this court denied Plaintiff's Motion for Summary Judgment and granted Defendant's cross-motion for Summary Judgment. Plaintiff seeks reconsideration of the court's determination that her causes of action were preempted by ERISA, 29 U.S.C. § 1144(a). Alternatively, she requests the court grant leave to amend her complaint to assert a claim for ERISA benefits.

The court's Rule 54(b) Final Judgment [Doc. 55] was entered on February 13, 2001. Plaintiff's Motion was filed three days later, on February 16, 2001.

> "The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.' Instead, this court construes such a filing in one of two ways. If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). . . ."

*United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997) (quoting *Hatfield v. Board of County Commissioners*, 52 F.3d 858, 861 (10th Cir. 1995)).

The grounds for granting a Rule 59(e) motion are to correct "manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (citation and internal quotation marks omitted). Plaintiff's Motion merely reasserts her position as stated in opposition to summary judgment. Plaintiff's Motion is therefore denied on that basis.

Plaintiff also, however, seeks leave to amend her complaint in conformance with the court's ruling, *i.e.*, that she is entitled to ERISA benefits. In somewhat analogous circumstances, other courts have held that when a plaintiff's state law claims are completely preempted by ERISA, leave should be granted to amend to state claims under ERISA. *See B-T Dissolution, Inc. v. Provident Life and Accident Ins. Co.*, 101 F.Supp.2d 930, 932 n.3 (S.D. Ohio 2000) (collecting cases).

"[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." *Cooper v. Shumway*, 780 F.2d 27, 28 (10th Cir. 1985). The court will therefore vacate the Rule 54(b) Final Judgment, which dismissed Plaintiff's claims but left intact Defendant's counterclaim against Plaintiff, and allow Plaintiff ten (10) days in which to file her amended complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration or, in the Alternative, to Amend Complaint [Doc. 56] is granted insofar as Plaintiff is granted leave to amend her complaint; and

IT IS FURTHER ORDERED that the Rule 54(b) Final Judgment [Doc. 55] is hereby vacated; and

IT IS FURTHER ORDERED that Plaintiff shall have ten (10) days in which to file her amended complaint.

IT IS SO ORDERED.

                                                    Richard L. Puglisi  
                                        United States Magistrate Judge  
                                             (sitting by designation)

For the Plaintiff:    Stephen F. Lawless, Esq.

For the Defendant:   Mark T. Davenport, Esq.  
                          Tila Fleming Hoffman, Esq.